ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :    SEALED INDICTMENT

            - v. -              :    17 Cr.

NICOLAS DE-MEYER,               :    **17 CRIM 595**

            Defendant.          :

- - - - - - - - - - - - - - - - X

DATE FILED: 9/28/17

## COUNT ONE

(Interstate Transportation of Stolen Property)

The Grand Jury charges:

**The Defendant's Scheme to Steal and Sell Rare and Expensive Wine**

1. From approximately 2008 to in or about November 2016, NICOLAS DE-MEYER, the defendant, worked as a personal assistant to an individual who collects rare and expensive wine (the "Victim"). DE-MEYER's job responsibilities included receiving at the Victim's Manhattan apartment shipments of wine that the Victim had purchased and then transporting the wine to the Victim's wine cellar in East Hampton, New York.

2. From at least in or about 2014 up to and including at least in or about October 2016, NICOLAS DE-MEYER, the defendant, stole from the Victim hundreds of bottles of wine worth more than $1.2 million.

3. From at least in or about 2014 up to and including at least in or about October 2016, NICOLAS DE-MEYER, the defendant,

used the alias "Mark Miller" and sold wine that DE-MEYER stole from the Victim to a North Carolina-based wine dealer (the "Wine Dealer"), whom DE-MEYER found on the internet.

4. Generally, the Wine Dealer, one of the Wine Dealer's employees, or someone for whom the Wine Dealer was brokering a purchase would travel to the Manhattan apartment of the person whom he or she knew as "Mark Miller" and who was, in fact, NICOLAS DE-MEYER, the defendant, to collect the wine and then transport it elsewhere.

5. Among the wine NICOLAS DE-MEYER, the defendant, stole from the Victim were bottles of wine from the French estate Domaine de la Romanée-Conti ("DRC"). DRC wines are widely considered among the best, most expensive, and rarest wines in the world.

6. In or about October 2016, NICOLAS DE-MEYER, the defendant, stole from the Victim seven bottles of DRC wine that the Victim had previously purchased for $133,650.

7. In or about October 2016, NICOLAS DE-MEYER, the defendant, sold the seven bottles of stolen DRC wine to the Wine Dealer. The seven bottles of stolen DRC wine were picked up from the Manhattan apartment of the person whom the Wine Dealer knew as "Mark Miller" and who was, in fact, DE-MEYER. Some of the bottles were then transported to New Jersey and some of the bottles were shipped to California.

## Statutory Allegations

8. From at least in or about 2014 up to and including at least in or about October 2016, in the Southern District of New York and elsewhere, NICOLAS DE-MEYER, the defendant, willfully and knowingly transported, transmitted, and transferred, and caused to be transported, transmitted, and transferred, in interstate and foreign commerce goods, wares, merchandise, securities, and money, of the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, to wit, DE-MEYER caused wine he stole to be transported in interstate commerce, including from New York to New Jersey and from New York to California.

(Title 18, United States Code, Sections 2314 and 2.)

## FORFEITURE ALLEGATION

9. As a result of committing the offense alleged in Count One of this Indictment, NICOLAS DE-MEYER, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Asset Provision**

10.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Sections 981(a)(1)(C) & 2461(c);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461(c))

_____
FOREPERSON

_____
JOON H. KIM
Acting United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

NICOLAS DE-MEYER,

　　　　　　　　　　　　　Defendant.

---

INDICTMENT

17 Cr.

(18 U.S.C. §§ 2314 & 2.)

JOON H. KIM
Acting United States Attorney

*Daniel [signature]*
Foreperson

---

9/28/17 FILED INDICTMENT   WARRANTS ISSUED

　　　　　　　　　　　　　　CGJ, USMJ