```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                             Docket #17cr595
UNITED STATES OF AMERICA,               :

              Plaintiff,                :

       - against -                      :

NICOLAS DE-MEYER,                       :
                                             New York, New York
                    Defendant.          :    February 21, 2018

----------------------------------------:

                       PROCEEDINGS BEFORE
                  THE HONORABLE JAMES L. COTT,
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:            U.S. ATTORNEY'S OFFICE
                          SOUTHERN DISTRICT OF NEW YORK
                          BY:  STEPHANIE LAKE, ESQ.
                          One Saint Andrew's Plaza
                          New York, New York 10007

For Defendant:            FEDERAL DEFENDERS OF NEW YORK
                          BY:  SABRINA SHROFF, ESQ.
                               SARAH NUDELMAN, ESQ.
                          52 Duane Street, Tenth Floor
                          New York, New York 10007




Transcription Service: Carole Ludwig, *Transcription Services*
                       141 East Third Street #3E
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Court** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|---|
| None | | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

1
2          THE COURT:   Are we ready to proceed?
3          THE CLERK:   United States versus Nicolas De-
4  Meyer.  Counsel, please state your name for the record.
5          MS. STEPHANIE LAKE:   Good afternoon, Your Honor,
6  Stephanie Lake for the United States.  I'm standing in for
7  my colleague Justin Rodriguez.
8          THE COURT:   Good afternoon, Miss Lake.
9          MS. SABRINA SHROFF:   Good afternoon, Your Honor,
10 Sabrina Shroff and Sarah Nudelman on behalf of Mr. De-Meyer
11 who's seated to my right.
12         THE COURT:   Good afternoon to all of you.  So
13 this defendant came from California?
14         MS. LAKE:   That's correct, Your Honor. He was
15 arrested in California on January 16.  He was presented in
16 that district the next day, January 17.  I understand that

```
 1                         PROCEEDING                        3
 2   he arrived here yesterday evening.
 3            THE COURT:   Okay.
 4            MS. LAKE:   And the case has already been
 5   indicted.  It's wheeled out to Judge Gardephe who's out of
 6   town this week, and he's referred it for presentment and
 7   arraignment.
 8            THE COURT:   All right, very well.  Mr. De-Meyer,
 9   let me begin by information you of certain rights that you
10   have.  This may have been done at your prior proceeding as
11   well, but I'm going to go through it again in an abundance
12   of caution.  First of all, you're not required to make any
13   statements to the authorities.  If you have made any
14   statements in the past, you still have the right to remain
15   silent in the future.
16            You also have the right to be represented by an
17   attorney at all proceedings.  If you can't afford an
18   attorney, you have the right to request that the Court
19   appoint one for you.  I gather you made that request in Los
20   Angeles and filled out a financial affidavit.  Is that
21   correct?
22            MR. NICOLAS DE-MEYER:   Yes.
23            THE COURT:   Okay, and so the Federal Defenders in
24   California were appointed to represent you, and now that
25   you're here in New York where you charged, Miss Shroff and
```

```
 1                        PROCEEDING                           4
 2   her colleague will represent you here in this case going
 3   forward.
 4             I don't know if you were told this, if you're a
 5   citizen of another country, you may request that a
 6   Government attorney or a federal law enforcement officer
 7   notify a consular official from that country that you've
 8   been arrested, and there may be an international agreement
 9   that requires such notification.  Obviously, if you're a
10   United States citizen, then that wouldn't apply to you, but
11   I'm required by law to advise all defendants of that fact.
12             I do have the indictment in this case in front of
13   me.  It is a one-count indictment charging the defendant
14   with interstate transportation of stolen property.  Miss
15   Shroff, have you received a copy of the indictment and
16   reviewed it with Mr. De-Meyer?
17             MS. SHROFF:  I have, Your Honor, and Mr. De-Meyer
18   will waive its public reading.
19             THE COURT:  Okay, and we're here for an
20   arraignment as well, so does he wish to enter a plea of
21   guilty or not guilty?
22             MS. SHROFF:  Yes, Your Honor, he would enter a
23   plea of not guilty.
24             THE COURT:  Okay, a not guilty plea is so noted
25   on the record.  What is the Government's position with
```

```
 1                        PROCEEDING                           5
 2   respect to bail in this matter?
 3              MS. LAKE:   Your Honor, the Government would
 4   request that the current incarceration remain.
 5              THE COURT:   Okay, are you making an application
 6   at this time?
 7              MS. SHROFF:   Your Honor, we'd like to make an
 8   application, but the Government's position is that Judge
 9   Gardephe is the district judge and hasn't referred the
10   matter for bail.  So we're going to reach out to Judge
11   Gardephe's chambers tomorrow morning and ask that it be
12   referred to Magistrate's court and perhaps we could have a
13   time on Friday morning to come back --
14              THE COURT:   Well, you can't have one on Friday
15   morning because I'm taking four pleas, but we'll find a
16   time.  If it's referred, we'll find a time.  It hasn't been
17   referred?
18              MS. LAKE:   Your Honor, my understanding from
19   speaking with the AUSA who is assigned is that he, and I
20   think Miss Shroff had spoken with Judge Gardephe's chambers
21   after the arrest in California, and Judge Gardephe indicated
22   that Miss Shroff could make a written application if she so
23   wished but it should be made to him.  Because Judge Gardephe
24   is out this week --
25              THE COURT:   Oh, I see.
```

```
 1                         PROCEEDING                          6
 2             MS. LAKE:   -- I don't have any more information -
 3   -
 4             THE COURT:   You don't want to make a written
 5   application to Judge Gardephe?
 6             MS. SHROFF:   Well, I could, but it's far easier
 7   for me to make an oral application to you, but --
 8             THE COURT:   Well, that's true, although is this
 9   the kind of case where, even if I were to grant it, he would
10   be detained until all conditions are met sort of thing or
11   are you suggesting he be released today if your argument is
12   successful?
13             MS. SHROFF:   I think our position will be that he
14   need not meet all conditions before he was released, but,
15   look, I'm okay being courteous to the Government.  Miss Lake
16   is standing up for someone else.  As long as we're able to
17   do this tomorrow or the day after, I'm fine, but honestly I
18   am – it's correct because he's the district judge and he
19   hasn't technically --
20             (cross-talk)
21             THE COURT:   Right, I can't address anything not
22   referred to me.  So we'll leave it that he'll be detained
23   without prejudice to your making an application either to
24   Judge Gardephe or to Mag court, whatever you all work out.
25   If it's going to be tomorrow or Friday, you should just know
```

```
 1                        PROCEEDING                           7
 2   both mornings are completely booked, so it'll have to be an
 3   afternoon schedule proceeding of some kind.  You'll just
 4   need to talk to the clerk's office about that.
 5            MS. SHROFF:   That's fine.
 6            THE COURT:   But I'll obviously – if we need to do
 7   it this week, we'll find the time to do it.  His liberty's
 8   at stake; that's an important issue obviously.
 9            MS. SHROFF:   I appreciate that, Your Honor.
10            THE COURT:   Or, alternate – I mean maybe Judge
11   Gardephe will do it Monday if he's back Monday.  I don't
12   know what his schedule is, but you all will be in touch with
13   his chambers.  If you need to schedule a proceeding in
14   Magistrate's court because there's been a referral --
15            MS. LAKE:    Yes, Your Honor.
16            THE COURT:   -- then you'll talk to the clerk's
17   office, but it won't be in the morning tomorrow or Friday.
18            MS. SHROFF:   That's fine, Your Honor.
19            THE COURT:   Okay.  So other than that anything
20   else we need to do today?
21            MS. LAKE:    The Government moves to exclude time
22   through Monday.  There has been some amount of discovery
23   that's been produced.  I anticipate that Miss Shroff is not
24   going to consent to the exclusion of time, however.
25            THE COURT:   She cannot consent, but I can still
```

```
 1                      PROCEEDING                          8
 2   exclude, but what is the basis for my excluding?
 3             MS. LAKE:   Providing defense an opportunity to
 4   review discovery, the Government to continue producing
 5   discovery, and the parties to discuss a potential
 6   disposition of the case.
 7             THE COURT:   That sounds like boilerplate.  Is any
 8   of that really happening or is that just because you say it
 9   in every case?
10             MS. LAKE:   There has been some amount of
11   discovery that's been produced.  I think that what Miss
12   Shroff will say is that she's already reviewed it and
13   doesn't need additional time to review it.
14             THE COURT:   Is that what you're going to say?
15             MS. SHROFF:   Well, it's the truth.
16             THE COURT:   Well, I only want you to tell me what
17   the truth is.
18             MS. SHROFF:   I have reviewed it.
19             THE COURT:   Well, I need to have a legitimate
20   basis to exclude.  We're talking about three days here.  So
21   I don't think it's, you know, rock anybody's boat one way or
22   the other.  I mean, in general, I think it's in both sides'
23   interest sometimes when times get, when time gets excluded.
24   Are you going to produce additional discovery to Miss Shroff
25   between now and Monday?
```

```
 1                         PROCEEDING                          9
 2              MS. LAKE:    If I'm able to, I will.
 3              THE COURT:   What does that mean?
 4              MS. LAKE:    The assigned AUSA is --
 5              THE COURT:   Well, that doesn't carry water with
 6   me.
 7              MS. LAKE:    -- out for personal reasons, and I
 8   will do my best to get in touch with him and get access to
 9   the material in order to produce additional discovery
10   between now and Monday.
11              THE COURT:   Is there any possibility that there
12   is going to, in fact, be any discussion of a disposition
13   between now and Monday?
14              MS. LAKE:    If Miss Shroff is so inclined.
15              THE COURT:   Why are you opposed to excluding
16   three days of time?  Just as a generic matter as well, and
17   everybody's reflexes are taking their usual positions?
18              MS. SHROFF:  No, it's a one-count indictment, so
19   I did ask what would be a possible plea offer that the
20   Government will give me.  Zero.  Right?  Again, I'm trying
21   to be truthful.  If they're not going to give me a plea
22   offer, I (inaudible).  They're also not going to give me
23   discovery between now and Monday.  So I don't really have -
24   I don't have a reason to oppose the exclusion, but I also
25   don't really have to give the exclusion --
```

```
 1                        PROCEEDING                         10
 2             (interposing)
 3             THE COURT:   Well, if they're not going to give
 4   any discovery and there is no plea disposition, then I don't
 5   have a basis to exclude, do I?
 6             MS. LAKE:   It's a difficult position for me
 7   because I would love to say I can produce discovery --
 8             THE COURT:   With all respect, it's not for me to
 9   deal with your difficult position.  Is there a basis under
10   the speedy trial act that I can exclude?  Doesn't sound like
11   there's going to be any production of discovery, doesn't
12   sound like there is a possibility of a disposition, at least
13   meaningful discussions in the next three days.  So I'm
14   respectfully denying the application.  You can make a
15   further application before Judge Gardephe when you have a
16   conference with him.  Has one been scheduled?
17             MS. LAKE:   Not yet, again, because he's out this
18   week.  The chambers requested that we send a letter
19   requesting scheduling a conference.
20             THE COURT:   Okay.  All right, so I'm not going to
21   exclude because I haven't heard a basis to exclude.  What
22   else?
23             MS. LAKE:   Nothing more from the Government.
24             THE COURT:   Anything else?
25             MS. SHROFF:   No thank you.
```

```
 1                        PROCEEDING                        11
 2            THE COURT:  Okay, so perhaps I'll see you later
 3   in the week.  Have a good afternoon, Mr. De-Meyer.
 4            MS. LAKE:   Thank you.
 5            (Whereupon the matter is adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                          12
 2                       C E R T I F I C A T E
 3
 4          I, Carole Ludwig, certify that the foregoing
 5    transcript of proceedings in the United States District
 6    Court, Southern District of New York, United States of
 7    America versus Nicholas De-Meyer, Docket #17cr595, was
 8    prepared using PC-based transcription software and is a true
 9    and accurate record of the proceedings.
10
11
12
13                        Carole Ludwig
14    Signature_____
15
16    Date:  March 19, 2018
17
18
19
20
21
22
23
24
25
```